IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | |
|---|---|
| LEROY JOSEY, ) | |
|     Plaintiff, ) | Civil Action No. 10-177PITTS |
| ) | |
| v. ) | District Judge Sean J. McLaughlin |
| ) | |
| PRISON HEALTH SYSTEM, et al., ) | Magistrate Judge Susan Paradise Baxter |
|     Defendants. ) | |


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Defendants [ECF No. 49] should be granted. The Clerk of Courts should be directed to close this case.


**II.    REPORT**

  **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, originally filed this civil rights action on February 8, 2010. Plaintiff names the following Defendants: Prison Health System, Dr. Rosen, Dr. Bulk, Physician's Assistant Jackson, and Physician's Assistant Hammer. Plaintiff alleges that his constitutional rights[1] have been violated in that Defendants denied him pain medication for his

---

[1] In his complaint, Plaintiff claims that Defendants violated his constitutional rights under both the Eighth and Fourteenth Amendments. Where a due process claim is identical to an Eighth Amendment claim, the plaintiff must "bring the claim pursuant to the more explicit constitutional amendment." Ordonez v. Yost, 289 Fed.Appx 553, 555 (3d Cir. 2008) citing Graham v. Connor, 490 U.S. 386, 395 (1989). Accordingly, as I indicated in an earlier Report and

1

chronic arthritis and sciatica. ECF No. 4. Plaintiff has limited his challenge to the time period between October 16, 2009, through the filing of the complaint on February 8, 2010. See id. at page 4.

Plaintiff, who suffers from Hepatitis-C, alleges that he returned to prison (at SCI-Pittsburgh) as a parole violator in October of 2009. Plaintiff claims that upon intake, an unnamed nurse received a list of all Plaintiff's prescription medications from CVS Pharmacy. Id. at page 2. The nurse explained that Plaintiff's pain medication[2] could not be provided and she substituted Elavil, an anti-depression medication, for the pain medication. Plaintiff alleges that he took the Elavil as directed and "was not relieved of pain and suffered fatigue and sleepness [sic] as a side effect." Id. Plaintiff further alleges that Physician's Assistants Jackson and Hammer and Dr. Bulk denied him pain medication. Id. Plaintiff claims that Dr. Rosen did not examine him yet approved the nurse's substitution of medication. Id.

In response to the complaint, Defendants filed a motion to dismiss which was denied. ECF Nos. 30, 38-39. Thereafter, this Court issued a Case Management Order setting discovery deadlines and timeframes in which the parties were directed to file dispositive motions and/or pretrial narrative statements. ECF No. 40.

Plaintiff's pretrial narrative statement was due on July 16, 2012. When none was filed, this Court issued a Show Cause Order directing Plaintiff to show cause for his failure to file the statement before August 8, 2012, or risk dismissal of this action based upon his failure to

---

Recommendation, this Court need not conduct a separate due process analysis as to the identical factual allegations.

[2] In the attachments to Plaintiff's complaint, it is clear that the pain medication to which Plaintiff is referring is Oxycodone. See ECF No. 4.

2

prosecute this case. ECF No. 55. As of today's date, Plaintiff has failed to file either a response to the Show Cause Order or a pretrial narrative statement.

Defendants filed their motion for summary judgment on July 27, 2012. ECF No. 49. This Court filed an Order directing Plaintiff that he had until September 6, 2012, to file his brief in opposition to the motion for summary judgment. ECF No. 56. The Order explained the requirements under Fed.R.Civ.P. 56 and warned that Plaintiff's failure to respond could result in the entry of judgment against him. Id.[3] Despite being apprised of the filing deadline, Plaintiff has not filed a brief in opposition to the presently pending motion.

The issues are ripe for disposition by this Court.

B. Standards of Review

1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading

---

[3] Although this Court received a letter from Mr. Josey inquiring as to his deadline to respond to the motion for summary judgment, the letter is dated August 1, 2012. ECF No. 57. There is no reason to believe that Plaintiff did not receive this Court's response order dated and mailed on August 9, 2012.

rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2. Motion for summary judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004).

Under Rule 56, a party opposing a motion for summary judgment must cite to specific materials in the record that demonstrate the existence of a disputed issue of material fact. See Fed.R.Civ.P. 56(c)(1)(A). A material fact is a fact that "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For an issue to be genuine, "all that is required is that sufficient evidence supporting the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." Id. at 249. "If the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) quoting Wetzel v. Tucker, 139 F.3d 380, 383 n.2 (3d Cir. 1998).

4

The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005).[4]

### C. Exhaustion

#### 1. The Prison Litigation Reform Act

Defendants move for summary judgment based upon Plaintiff's failure to comply with the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), which provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

---

[4] When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson, 477 U.S. at 255. The court must consider the evidence, and all reasonable inferences which may be drawn from it, in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). See also El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007). However, a court need not "turn a blind eye to the weight of the evidence." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992).

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[5] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[6]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands

---

[5] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[6] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in Booth, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

6

compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 2.  The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218. See also Spruill, 372 F.3d at 231 (having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance within fifteen days of the incident for review by the facility manager or the regional grievance coordinator, who must respond in writing within ten business days. Second, the inmate must timely submit a

written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

Pursuant to Department of Corrections' Policy DC-ADM 804, grievances must include "a statement of the facts relevant to the claim," and "must identify any person(s) who may have information that could be helpful in resolving the grievance." Id. See also Spruill, 372 F.3d at 233; Williams, 482 F.3d at 639-40. Additionally, the policy provides that "you should submit a different grievance for each different event unless it is necessary to combine the events to support the claim." Id.

### 3. Analysis

Defendants move for summary judgment based upon Plaintiff's failure to comply with the PLRA's exhaustion requirements. In support of their motion, Defendants have provided evidence of Plaintiff's failure to exhaust. The Grievance Review Officer explains that during the time period Plaintiff was housed at SCI-Pittsburgh, he did not appeal any grievance to final review. ECF No. 52-3, Letter from Keri Moore, Grievance Review Officer-Department of Corrections. See also ECF No. 52-2, Letter from Connie Green Superintendent's Assistant, SCI-Huntington.

Plaintiff has provided no evidence to the contrary as he must in order to defeat a well-supported motion for summary judgment. See Celotex, 477 U.S. at 322. Accordingly, the motion for summary judgment should be granted in favor of Defendants.

**III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion for summary judgment filed by Defendants [ECF No. 49] should be granted. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 26, 2012