# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LEROY JOSEY,                           )
                                       )
    Plaintiff,                         )
                                       )    Civil Action No. 10-177 Erie
        v.                            )
                                       )
PRISON HEALTH SYSTEM, et. al.,         )
                                       )
    Defendants.                        )

## MEMORANDUM ORDER

This civil rights action was received by the Clerk of Court on February 8, 2010 and was referred to United States Magistrate Judge Susan Paradise Baxter for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Presently pending before the Court is the Report and Recommendation [ECF No. 59], filed on September 26, 2012, recommending that the Motion for Summary Judgment filed by Defendants [ECF No. 49] be granted.

This case arises out of Plaintiff's incarceration at the State Correctional Institution at Pittsburgh ("SCI-Pittsburgh"). In his Complaint, Plaintiff alleged that the Defendants violated his constitutional rights under both the Eight and Fourteenth Amendments by denying him pain medication for his chronic arthritis and sciatica from October 16, 2009 through February 8, 2010. [ECF No. 4]. Defendants subsequently filed a Motion to Dismiss which was denied. [ECF Nos. 30, 38-39].

Thereafter, Defendants filed their Motion for Summary Judgment on July 27, 2012. [ECF No. 49]. On August 9, 2012, the Magistrate Judge entered an Order directing Plaintiff to file a Response to the Motion by September 6, 2012. [ECF No. 56]. The Magistrate Judge's Order explained the requirements of Rule 56 of the Federal Rules of Civil Procedure relative to responding to a Motion, and warned the Plaintiff that

1

his failure to respond could result in the entry of a judgment against him.[1]  Id.  Plaintiff did not, however, file a response or brief in opposition to the Motion in accordance with the Magistrate Judge's Order.

Magistrate Judge Baxter subsequently filed a Report and Recommendation on September 26, 2012, recommending that the Motion for Summary Judgment be granted on the basis that Plaintiff failed to exhaust his administrative remedies.  [ECF No. 59]. Thereafter, on October 3, 2012, Plaintiff filed a document styled "Plaintiff's Response to Defendants Summary Judgement", [ECF No. 61].[2]  After de novo review of the documents in the case, together with the Report and Recommendation, we conclude that the Defendants are entitled to summary judgment for the reasons set forth by the Magistrate Judge and will adopt the Report and Recommendation.  We write briefly, however, to address the Plaintiff's argument relative to the exhaustion issue set forth in his Response to the Motion for Summary Judgment.

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment was a matter of law.  Fed.R.Civ.P. 56(a).  "A disputed fact is material" if it would affect the outcome of the suit as determined by the substantive law."  Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 771 (3d Cir. 2009) (citation omitted), and a factual dispute is "genuine," and this warrants trial "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, 477 U.S. 242, 248-49, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

---

[1] On August 14, 2012, the Court received a letter from the Plaintiff dated August 1, 2012 and mailed August 2, 2012, inquiring as to the deadline in which to respond to the Motion for Summary Judgment. [ECF No. 57].  There is no indication in the record that he did not receive the Court's Order dated and mailed on August 9, 2012 informing him of the deadline.

[2] Attached to the Response is an envelope showing that it was mailed on August 13, 2012.  See [ECF No. 61-2].  The record does not reflect why this document was not received by the Court until October 3, 2012.

Initially, the moving party must show the absence of a genuine issue concerning any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has satisfied its burden, the nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257; Celotex, 477 U.S. at 323-24. "While the evidence that the non-moving party presents may be either direct or circumstantial, and need not be as great as a preponderance, the evidence must be more than a scintilla." Hugh v. Butler County Family YMCA, 414 F.3d 265, 267 (3d Cir. 2005) citing Anderson, 477 U*.S. at 251. Neither unsworn statements of counsel in memoranda submitted to the court nor unsupported conclusory allegations in the pleadings will dispute a material fact. Fed.R.Civ.P. 56(e); Schoch v. First Fid. Bancorp., 912 F.2d 654, 675 (3d Cir. 1990).

Here, the Magistrate Judge concluded that the Defendants' Motion for Summary Judgment should be granted based upon the Plaintiff's failure to comply with the requirements of administrative exhaustion under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).[3] Specifically, the Magistrate Judge concluded:

> Defendants move for summary judgment based upon Plaintiff's failure to comply with the PLRA's exhaustion requirements. In support of their motion, Defendants have provided evidence of Plaintiff's failure to exhaust. The Grievance Review Officer explains that during the time period Plaintiff was housed at SCI-Pittsburgh, he did not appeal any grievance to final review. ECF No. 52-3, Letter from Keri Moore, Grievance Review Officer-Department of Corrections. See also ECF No. 52-2, Letter from Connie Green Superintendent's Assistant, SCI-Huntington.
> Plaintiff has provided no evidence to the contrary as he must in order to defeat a well-supported motion for summary judgment. See Celotex, 477 U.S. at 322. Accordingly, the motion for summary judgment should be granted in favor of Defendants.

---

[3] It is not a plaintiff's burden to affirmatively plead exhaustion. Jones v. Bock, 549 U.S. 199, 217, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Rather, the failure to exhaust must be asserted and proven by the defendant. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002).

[ECF No. 59] p. 8.

We agree with the Magistrate Judge's conclusion. Defendants carried their initial summary judgment burden of demonstrating that Plaintiff did not fully and properly exhaust his administrative remedies with respect to his claim. See [ECF No. 52-2 and ECF No. 52-3]. In contrast to this evidence, Plaintiff alleges in his Response that he filed a grievance at SCI Pittsburgh "around Oct 2009" for the denial of pain medication, but that the Department of Corrections failed to answer his grievance within the required time frame. See [ECF No. 61] p. 1. Plaintiff has not, however, come forward with any evidence beyond this conclusory assertion, despite having been informed of his obligation in responding to the Defendants' Motion. See [ECF No. 56]. Rule 56 of the Federal Rules of Civil Procedure "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." Firemen's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982); see also Maclary v. Carroll, 142 Fed. Appx. 618, 620 (3d Cir. 2005) (holding that, in response to an affidavit stating that the inmate filed no grievances concerning the conditions at issue, plaintiff's "bare assertions" that his grievances were "unanswered and unprocessed" did not create a genuine issue of material fact). Accordingly, Plaintiff's allegations alone are insufficient to defeat summary judgment.[4]

AND NOW, this 21st day of December, 2012;

IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by Defendants [ECF No. 49] is GRANTED.

The Report and Recommendation [ECF No. 59] of Magistrate Judge Baxter, filed on September 26, 2012, is adopted as the Opinion of the Court.

JUDGMENT is hereby entered in favor of Defendants and against Plaintiff.

---

[4] Plaintiff attached to his Complaint what appeared to be a draft grievance dated December 4, 2009, but there was no assigned grievance number. See [ECF No. 4] Ex. 1. However, the Plaintiff does not refer to or rely on this document in his Response to the Defendants' summary judgment Motion.

4

s/ Sean J. McLaughlin
United States District Judge

cm: All parties of record
Susan Paradise Baxter, U.S. Magistrate Judge